### Sandra Patricia MCCORMICK, Plaintiff–Appellant,

v.

Georgia DEMPSTER; Lanna Shadwick; Pamela S. Halliburton; Cynthia J. Cline; Colin Kelly Mason, Jr.; Kimberly Mason; Patricia Reifslager, also known as Patsy Gallant Reifslager; Michael Reifslager; Ben Irmini; John W. Howell; Polina Strug; Cindy Kilborn; Keith Nygren; Karen H. Mensching; Joseph P. Condon, Defendants–Appellees.

---

872

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 2003.

Sandra Patricia McCormick, pro se, Houston, TX, for Plaintiff–Appellant.

John Mack Grey, Office of the Attorney General for the State of Texas, Austin, TX, Keith K. Stewart, Adorno & Yoss, Miami, FL, Thomas Donald Moran, Schneider & McKinney, Bruce S. Powers, Assistant County Attorney, County Attorney's Office, John B. Wallace, Giessel, Barker & Lyman, Houston, TX, Lynn J. Klement, Klement & Woodson, Angleton, TX, Mary Ellen Margaret Welsh, Chicago, IL, James G. Sotos, Jason W. Rose, Hervas Sotos, Itasca, IL, for Defendants–Appellees.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Sandra Patricia McCormick, proceeding *pro se*, appeals the district court's dismissal for lack of subject matter jurisdiction of her 42 U.S.C. § 1983 action, in which she asserted that her due process rights were violated by a state court's entry of a child custody order and another state court's enforcement of that order. McCormick moves to supplement the record with copies of the state court records and asks this court to compel the defendants to provide the relevant records. These motions are DENIED.

McCormick's federal allegations can be construed as requests for review of the state court orders or as issues that are "inextricably intertwined" with those orders. Pursuant to the *Rooker/Feldman* ** doctrine, the federal district court lacked jurisdiction to consider McCormick's collateral attack on a state judgment. *See United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir.1994); *Hale v. Harney*, 786 F.2d 688, 690–91 (5th Cir.1986). McCormick has not established that the district court erred in dismissing her claims against the defendants. *See John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir.2000); *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 945 (5th Cir.1994). The judgment of the district court is therefore AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

** *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).